UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN CAPUTO, | 1:15-cv-01008-EPG |
| Plaintiff, | ORDER DENYING MOTION FOR RELIEF OF MEDICAL NEGLECT, MEDICAL NEGLIGENCE AND MEDICAL ABUSE |
| v. | |
| KERN COUNTY SHERIFF'S OFFICE, et al., | (ECF NO. 8) |
| Defendants. | |

## I.   BACKGROUND

Brian Caputo ("Plaintiff") is a prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983.   Plaintiff filed a First Amended Complaint on September 19, 2016.   (ECF No. 7).   Plaintiff subsequently filed a second amended prisoner civil rights complaint on October 28, 2016.   (ECF No. 20).   Noticing that all three complaints appeared to cover different underlying events and claims, on November 18, 2016, the Court ordered Plaintiff to file an amended complaint or notify the Court that he wants the Court to screen his second amended complaint.   (ECF No. 23).   The Court is awaiting a response to that order so the Court can determine what complaint needs to be screened in order to identify potential claims to go forward.

In the meantime Plaintiff has filed certain motions requesting emergency relief.   Before this Court now is Plaintiff's motion for relief of medical negligence, medical negligence and medical abuse.   (ECF No. 8).

\\\

\\\

## II.   PLAINTIFF'S MOTION FOR EMERGENCY MEDICAL RELIEF AND RESPONSE

Plaintiff's motion (ECF No. 8) claims that Plaintiff has been disabled his whole life.  He claims that on July 7, 2016, a neurologist said that "the veins/blood vessels in [Plaintiff's] brain flaired [sic] up three times their normal size, and to follow up within one week."  However, Plaintiff's next appointment was scheduled in November of 2016.  Plaintiff claims that his medical needs are being neglected.

On September 23, 2016, the Court requested additional information from Plaintiff, explaining that "[i]t is the Court's understanding that when a pre-trial detainee awaiting trial is complaining of inadequate medical care, the first step is often that his or her attorney contacts the prison/jail to inquire about the matter."  (ECF No. 10).  The Court noted that Plaintiff has an attorney in his criminal case and requested information regarding whether Plaintiff's attorney had inquired, and if so, what response was received.

Plaintiff responded on September 29, 2016.  (ECF No. 12).  Plaintiff supplied his attorney's phone number and told the Court to contact him.  Plaintiff said that the attorney had contacted the Watch Commander and was told to "just put up with it, until your case ends."  Plaintiff also explained that he has sent numerous sick call slips without any response.  Plaintiff directed his family members to send additional information to the Court.

On October 3, 2016, the Court received various documents regarding Mr. Caputo's disability.  (ECF No. 13).  It included a decision from the Social Security Administration finding that Plaintiff has severe impairments of colpocephaly, Cerebral Autosomal Dominant Arteriopathy with Subcortical Infarct and Leukoencephalopathy, and depression.  The Court also received medical records including diagnosis and pain medication from July 2016.  On July 10, 2016, the records indicate that Plaintiff suffered from pain, but his head CT did not appear changed from baseline and Plaintiff felt better after the morphine.  The records indicated that, as of August 17, 2016, "due to the volume of patients" Plaintiff's doctor's appointment was rescheduled to "the near future."  Another answer to an inmate grievance indicated that Plaintiff was seen by a facility doctor on August 18, 2016, and that Plaintiff had an upcoming

appointment with the Neurology Clinic sometime in November.  Plaintiff continued to dispute his medical care and file grievances regarding the treatment after that time.

On October 7, 2016, the Court ordered the Kern County Sheriff's Office to Respond to Plaintiff's motion.  (ECF No. 16).

On October 31, 2016, the Kern County Sheriff's Office filed a response.  (ECF No. 21).  The Office of County Counsel, County of Kern represented that "[Plaintiff] is receiving adequate medical care.  Each time [Plaintiff] has requested medical care in writing, care was provided within a few days if not the next day."  Furthermore, "[Plaintiff's] chief complaint raised in his request for relief is the amount of time between his appointments with a neurologist at Kern Medical Center.  The County does not have any control over the scheduling of appointments by the medical staff at Kern Medical Center."  "[Plaintiff] has been seen by medical professionals at Lerdo numerous times since his visit to Kern Medical Center in July.  Moreover, Petitioner continues to have the ability to request medical visits as he needs them."  The County concluded:

> The [Plaintiff] has made additional requests in addition to those summarized above.  All requests from [Plaintiff] were answered in the same manner and with the same promptness.  Given the number of inmates and volume of concerns raised by each on a daily basis at Lerdo, the County has provided the [Plaintiff] with adequate medical care.  The County has a duty to balance needs of each inmate at Lerdo, giving priority to those needs that are more urgent than others.  [Plaintiff's] needs were very urgent on July 7, 2016, when he was rushed to Kern Medical Center.  Undoubtedly, the [Plaintiff's] needs on that day caused a delay in the response to the concerns and needs of other inmates.  The County has, and will continue, to take every step necessary to ensure that the Petition receives the medical [care] he requires.

(ECF No. 21, at pgs. 2-3).  The County included various correspondences regarding Plaintiff's care.

Plaintiff submitted additional documents on October 21, 2016, and on November 7, 2016.  (ECF Nos. 19 & 22).

\\\

\\\

\\\

### III.   ANALYSIS OF PLAINTIFF'S REQUEST FOR EMERGENCY RELIEF

####   A.   Legal Standards

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits and to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 20 (2008) (citations omitted).   "A preliminary injunction is an extraordinary remedy never awarded as a matter of right.   In each case, courts must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief. In exercising their sound discretion, courts of equity should pay particular regard for the public consequences in employing the extraordinary remedy of injunction."   Id. at 24 (citations and quotations omitted).   An injunction may only be awarded upon a clear showing that the plaintiff is entitled to such relief. Id. at 22.

Requests for prospective relief are further limited by 18 U.S.C. § 3626 (a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court find that the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal Right, and is the least intrusive means necessary to correct the violation of the Federal Right."

####   B.   Application of the Legal Standards to Plaintiff's Request

Plaintiff is asking for extraordinary relief of a direction from this Court to provide certain medical care by the Kern County Sheriff's office.   Legally, the request is premature. Plaintiff's complaint still awaits screening, in part because Plaintiff has submitted three different complaints and has not responded to the Court's request for direction.   Until the Court has determined that Plaintiff has a valid complaint, the Court lacks jurisdiction to order an emergency injunction.

Additionally, because Plaintiff has been moved, it appears that this motion is moot. According to a notice of change of address filed on December 23, 2016, Plaintiff is now located at USP Lompoc.  (ECF No. 25).   Accordingly, it seems that Plaintiff is now in federal custody,

and that the Kern County Sheriff's Office is no longer responsible for Plaintiff's medical care. Therefore, Plaintiff's motion is moot.

That said, the Court takes Plaintiff's medical needs seriously and has attempted to ensure that Plaintiff's medical needs are being cared for, consistent with the limitations on this Court's jurisdiction at this early stage in this case.   The Court ordered the Kern County Sheriff's Office to respond to Plaintiff's requests, and the Office has done so with documented information confirming that they attended to Plaintiff's medical needs.[1]

The Court understands that Plaintiff has severe medical impairments and that Plaintiff disagrees with the amount of care he is received while in jail.  The Court is not making a determination at this time regarding whether Plaintiff received all care required or whether there has been a constitutional violation.  The Court will screen Plaintiff's complaint, once Plaintiff has identified the appropriate complaint to screen, and will proceed in the normal course to evaluate the constitutional issues presented, including whether any defendant has been deliberately indifferent to Plaintiff's serious medical needs.

However, given the response from the Kern County Sheriff's Office, Plaintiff's request for an emergency preliminary injunction is denied at this time.  The Court cannot determine based on the information presented that such an extraordinary remedy is warranted because Plaintiff is likely to succeed on the merits, will suffer irreparable harm, and that such an injunction is in the public interest.

## IV.    CONCLUSION

In accordance with the above, IT IS HEREBY ORDERED that:

1.        Plaintiff's motion for relief of medical neglect, medical negligence, and medical abuse (ECF No. 8) is DENIED; and

\\\
\\\
\\\

---

[1] The Court appreciates the County's detailed and prompt response.

1    2.        The Clerk's Office is directed to serve a copy of this order on the Kern County Sheriff's Office, attention to Phillip T. Jenkins, Deputy Attorney.

IT IS SO ORDERED.

Dated:   **January 9, 2017**            /s/ *Erica P. Grosjean*

UNITED STATES MAGISTRATE JUDGE