UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN CAPUTO, | 1:15-cv-01008-EPG (PC) |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION (ECF NO. 27) |
| v. | |
| KERN COUNTY SHERIFF'S OFFICE, et al., | |
| Defendants. | |

## I. BACKGROUND

Brian Caputo ("Plaintiff") is a prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff filed a first amended complaint on September 19, 2016. (ECF No. 7). Plaintiff subsequently filed a second amended complaint on October 28, 2016. (ECF No. 20). Noticing that all three complaints appeared to cover different underlying events and claims, on November 18, 2016, the Court ordered Plaintiff to file an amended complaint or notify the Court that he wants the Court to screen his second amended complaint. (ECF No. 23). The Court is awaiting a response to that order.

In the meantime Plaintiff has filed a motion that the Court construes as a motion for a preliminary injunction. (ECF No. 27). According to Plaintiff, a deputy has been harassing and threatening Plaintiff for over two weeks. Plaintiff asks for a restraining order against the deputy, or an order requiring the facility to have the deputy stop harassing and threatening Plaintiff.

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits and to suffer irreparable harm in the absence of preliminary relief, that the

balance of equities tips in his favor, and that an injunction is in the public interest." <u>Winter v. Natural Resources Defense Council, Inc.</u>, 555 U.S. 7, 20 (2008) (citations omitted). "A preliminary injunction is an extraordinary remedy never awarded as a matter of right. In each case, courts must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief. In exercising their sound discretion, courts of equity should pay particular regard for the public consequences in employing the extraordinary remedy of injunction." <u>Id.</u> at 24 (citations and quotations omitted). An injunction may only be awarded upon a clear showing that the plaintiff is entitled to such relief. <u>Id.</u> at 22.

Additionally, a federal district court may issue emergency injunctive relief only if it has personal jurisdiction over the parties and subject matter jurisdiction over the lawsuit. <u>See</u> <u>Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.</u>, 526 U.S. 344, 350 (1999) (noting that one "becomes a party officially, and is required to take action in that capacity, only upon service of summons or other authority-asserting measure stating the time within which the party served must appear to defend."). The court may not attempt to determine the rights of persons not before it. <u>See, e.g.,</u> <u>Hitchman Coal & Coke Co. v. Mitchell</u>, 245 U.S. 229, 234-35 (1916); <u>Zepeda v. INS</u>, 753 F.2d 719, 727-28 (9th Cir. 1983); <u>see also</u> <u>Califano v. Yamasaki</u>, 442 U.S. 682, 702 (1979) (injunctive relief must be "narrowly tailored to give only the relief to which plaintiffs are entitled"). Under Federal Rule of Civil Procedure 65(d)(2), an injunction binds only "the parties to the action," their "officers, agents, servants, employees, and attorneys," and "other persons who are in active concert or participation." Fed. R. Civ. P. 65(d)(2)(A)-(C).

Requests for prospective relief are further limited by 18 U.S.C. § 3626 (a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court find that the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal Right, and is the least intrusive means necessary to correct the violation of the Federal Right."

Legally, Plaintiff's request is premature. Plaintiff's complaint still awaits screening, in part because Plaintiff has submitted three different complaints and has not responded to the Court's request for direction. Until the Court has determined that Plaintiff has a valid claim,

the Court lacks jurisdiction to order an emergency injunction.

Furthermore, because Plaintiff has been transferred, it appears that the Court does not have jurisdiction over the deputy Plaintiff is complaining about, and will not get jurisdiction over that deputy in this case.  This case involves incidents that occurred at Kern County Jail.  However, in this motion Plaintiff is complaining about an incident that occurred at USP Lompoc (according to a notice of change of address filed on December 23, 2016, Plaintiff is now located at USP Lompoc (ECF No. 25)), and that has no relation to this case.  If Plaintiff believes that he has a claim against the deputy at USP Lompoc, Plaintiff will need to file a new case against that deputy.  That case will proceed in due course.

Plaintiff cannot bypass the normal court procedure by filing letters to the Court whenever issues arise in his incarceration.  If Plaintiff believes his rights are violated in a way that requires intervention by this federal court, he must file a formal complaint, which will be screened by the Court and served on defendants in due course for further proceedings.  The Court reserves its right not to respond to letters to the Court discussing events that are not contained within formal complaints and proper motions.

In accordance with the above, IT IS HEREBY ORDERED that Plaintiff's motion for a preliminary injunction (ECF No. 27) is DENIED.

IT IS SO ORDERED.

Dated:   **January 17, 2017**                                    /s/ Erica P. Grosjean
                                                                 UNITED STATES MAGISTRATE JUDGE