UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN CAPUTO, | 1:15-cv-01008-EPG (PC) |
| Plaintiff, | ORDER DENYING MOTION FOR SUBPOENAS AND APPOINTMENT OF PRO BONO COUNSEL |
| v. | |
| KERN COUNTY SHERIFF'S OFFICE, et al., | (ECF NO. 29) |
| Defendants. | |

## I. BACKGROUND

Brian Caputo ("Plaintiff") is a prisoner[1] proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. On July 16, 2015, Plaintiff consented to Magistrate Judge jurisdiction in this action pursuant to 28 U.S.C. § 636(c) (ECF No. 5) and no other parties have made an appearance. Therefore, pursuant to Appendix A(k)(4) of the Local Rules of the Eastern District of California, the undersigned shall conduct any and all proceedings in the case until such time as reassignment to a District Judge is required. Local Rule Appendix A(k)(3).

On January 17, 2017, Plaintiff filed a motion for subpoenas and appointment of pro bono counsel. (ECF No. 29). It appears that Plaintiff may also be requesting that the Court reconsider its order denying Plaintiff's motion for relief of medical neglect, medical negligence, and medical abuse. All of Plaintiff's requests will be denied.

Plaintiff's request for subpoenas will be denied because discovery has not yet been opened in this case. As the Court told Plaintiff in its First Informational Order in Prisoner/Civil Detainee Civil Rights Case, "[a]fter defendants' answers are filed, the Court will issue an order opening discovery and setting deadlines for completing discovery, amending the pleadings, and

---

[1] At the time of the incidents alleged in the original Complaint, Plaintiff was incarcerated at Kern County Jail. He is now incarcerated at the Lompoc U.S. Penitentiary.

filing dispositive motions.  No discovery may be initiated until the Court issues a discovery order or otherwise orders that discovery begin." (ECF No. 3, p. 4).  The Court has not issued a discovery order or otherwise ordered that discovery begin.  Therefore, it is not yet time in this case for Plaintiff to conduct discovery.

Further, to the extent that Plaintiff is requesting subpoenas to gather evidence related to his medical treatment, as described in more detail in the Court's order, which was signed on February 7, 2017, and docketed on February 8, 2017 (ECF No. 32), Plaintiff is no longer asserting a claim based on deliberate indifference to his serious medical needs.  Therefore, unless Plaintiff amends his complaint, even after discovery is opened there will be no need for Plaintiff to take discovery on this issue.

To the extent that Plaintiff is requesting reconsideration of the Court's order denying Plaintiff's motion for relief of medical neglect, medical negligence, and medical abuse, that request will also be denied.  Plaintiff has failed to show any of the reasons laid out in Federal Rule of Civil Procedure 60(b).  And while Plaintiff is requesting subpoenas so that he can gather additional evidence, presumably so that he can show at least one of the reasons, the Court emphasizes the fact that Plaintiff has been moved from Kern County Jail to a federal prison.  Therefore, even if Plaintiff amends his complaint to assert that the county jail and its staff were deliberately indifferent to Plaintiff's serious medical needs, and even if Plaintiff can show that the county jail and its staff were deliberately indifferent to his serious medical needs, as the Court has already told Plaintiff (ECF No. 26, pgs. 4-5) there is no need for a preliminary injunction against Kern County Jail or its staff.

Finally, Plaintiff's request for the appointment of pro bono counsel will be denied.  According to Plaintiff, he needs counsel appointed because he is incarcerated, has limited knowledge of the law, and has to "go against" an attorney.

Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), withdrawn in part on other grounds, 154 F.3d 952 (9th Cir. 1998), and the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1).  Mallard v. United States District Court for the Southern District of

Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989).  However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1).  Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases.  In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved."  Id. (internal quotation marks and citations omitted).

The Court will not order appointment of pro bono counsel at this time.  At this early stage in the proceedings (the complaint has not yet been screened), the Court cannot make a determination that Plaintiff is likely to succeed on the merits.  Moreover, while Plaintiff appears to not fully understand the procedures he needs to follow, based on the record in this case it appears that Plaintiff can adequately articulate his claims.  Therefore, at this time the Court will not order the appointment of pro bono counsel.  Plaintiff is advised that he is not precluded from renewing the motion for appointment of pro bono counsel at a later stage of the proceedings.

Accordingly, based on the foregoing, it is ORDERED that Plaintiff's motion for subpoenas and appointment of pro bono counsel (ECF No. 29) is DENIED.

IT IS SO ORDERED.

Dated:   **February 10, 2017**               /s/ Erica P. Grosjean
                                             UNITED STATES MAGISTRATE JUDGE