UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN CAPUTO,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>KERN COUNTY SHERIFF'S OFFICE, et al.,<br><br>　　　　Defendants. | 1:15-cv-01008-EPG (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO SUBSTITUTE DEPUTY RAMOS AS DEFENDANT DOE 1 WITHOUT PREJUDICE<br>(ECF NO. 48) |

Brian Caputo ("Plaintiff") is a prisoner[1] proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. This case is now proceeding on Plaintiff's Fourth Amended Complaint (ECF No. 43) "on Plaintiff's claims for violation of Plaintiff's Fourteenth Amendment due process rights against Doe Defendant(s), for retaliation in violation of the First Amendment against defendant Gonzalez, and for excessive force in violation of the Fourteenth Amendment against defendant Gonzalez." (ECF No. 44, p. 9). On June 29, 2017, Plaintiff filed a motion to substitute Deputy Ramos as Defendant Doe 1. (ECF No. 48).

Plaintiff's motion will be denied without prejudice. Deputy Ramos does not appear to be the Doe Defendant described in Plaintiff's Fourth Amended Complaint.

As the Court explained in upholding a claim against the Doe Defendant, "Plaintiff has alleged that he was placed in disciplinary isolation from May 4, 2016, through November 22, 2016. While this complaint is silent as to whether Plaintiff received a due process hearing prior to being placed into disciplinary isolation, the Court will allow this claim to proceed. The more difficult question is who is responsible for this violation. Plaintiff has not alleged that defendant

---
[1] At the time of the incidents alleged in the original Complaint, Plaintiff was detained at Kern County Jail. He is now incarcerated at the Lompoc U.S. Penitentiary.

Gonzalez was responsible for placing him in administrative segregation, and it does not appear that a deputy would have that authority. Additionally, Plaintiff has failed to allege any acts or omissions by defendant Kern County Sherriff's Office that led to the alleged deprivation of Plaintiff's Fourteenth Amendment due process rights. Therefore, the Court will allow this claim to proceed only against Doe Defendant(s)." (ECF No. 44, p. 7).

Deputy Ramos does not appear to have anything to do with Plaintiff being put in disciplinary isolation from May 4, 2016, through November 22, 2016. While Plaintiff does mention that Deputy Ramos isolated Plaintiff, he alleges that the incident happened in 2015. Additionally, it is not clear what form this isolation took.

Because Deputy Ramos does not appear to be the Doe Defendant(s) in the claim allowed by the Court, the Court will deny Plaintiff's motion to substitute, without prejudice. If Deputy Ramos was the person responsible for the 2016 disciplinary isolation incident, Plaintiff may file another motion to substitute that lays out Deputy Ramos's involvement and explains why he is the Doe Defendant named in the complaint.

The Court notes that if Plaintiff wishes to add a claim to his complaint, he may file a motion to amend his complaint. However, given the multiple amendments the Court has already allowed, the Court is not inclined to grant further leave to amend.

Accordingly, based on the foregoing, IT IS ORDERED that Plaintiff's motion to substitute Deputy Ramos as Defendant Doe 1 is DENIED.

IT IS SO ORDERED.

Dated: **July 5, 2017**   /s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE