UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN CAPUTO,<br><br>    Plaintiff,<br><br>v.<br><br>GONZALEZ, et al.,<br><br>    Defendants. | Case No. 1:15-cv-01008-EPG (PC)<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR ISSUANCE OF SUBPOENA UPON KERN COUNTY SHERIFF'S OFFICE BY THE UNITED STATES MARSHAL WITHOUT PREPAYMENT OF COSTS<br>(ECF NO. 46)<br><br>THIRTY DAY DEADLINE |

    Brian Caputo ("Plaintiff") is a prisoner[1] proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. This case is now proceeding on Plaintiff's Fourth Amended Complaint (ECF No. 43) "on Plaintiff's claims for violation of Plaintiff's Fourteenth Amendment due process rights against Doe Defendant(s), for retaliation in violation of the First Amendment against defendant Gonzalez, and for excessive force in violation of the Fourteenth Amendment against defendant Gonzalez." (ECF No. 44, p. 9).

    On May 30, 2017, Plaintiff filed a motion for the issuance of a subpoena upon Kern County Sherriff's Office. (ECF No. 46). Plaintiff states that he believes that defendant Gonzalez was fired by Kern County Sheriff's Office, and that he does not have a current

---

[1] At the time of the incidents alleged in the original Complaint, Plaintiff was detained at Kern County Jail. He is now incarcerated at the Lompoc U.S. Penitentiary.

1

address for defendant Gonzalez. (Id.). Plaintiff asks for the issuance of a subpoena upon the Kern County Sherriff's Office "for Deputy Gonzalez's full name and last known address." (Id.).

"A command in a subpoena to produce documents, electronically stored information, or tangible things requires the responding person to permit inspection, copying, testing, or sampling of the materials." Fed. R. Civ. P. 45(a)(1)(D). "If the subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, then before it is served on the person to whom it is directed, a notice and a copy of the subpoena must be served on each party." Fed. R. Civ. P. 45(a)(4).

Under Rule 26 of the Federal Rules of Civil Procedure, "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1). "Information within this scope of discovery need not be admissible in evidence to be discoverable." Id.

Here, Plaintiff is seeking information that will allow him to identify the full name and last known address of one of the defendants in this case. This information is relevant, and the burden and expense of producing documents that contain this information should be minimal. Thus, the Court shall grant Plaintiff's request and will send him a subpoena *duces tecum* to complete and return. The Court notes that it may limit the scope of Plaintiff's document request.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's request for the issuance of a subpoena is GRANTED;
2. The Clerk of Court is directed to send Plaintiff a copy of form AO 88B and a copy of form USM-285; and

\\\

3. Plaintiff has thirty days from the date of service of this order to complete and return form AO 88B and form USM-285.

IT IS SO ORDERED.

Dated: **July 6, 2017**

/s/ Eric P. Grosjean
UNITED STATES MAGISTRATE JUDGE