UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN CAPUTO,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>GONZALEZ,<br><br>　　　　　　　Defendant. | Case No. 1:15-cv-01008-EPG (PC)<br><br>ORDER REQUIRING RESPONSE FROM KERN COUNTY SHERRIFF'S OFFICE TO PLAINTIFF'S MOTION FOR SANCTIONS<br><br>(ECF NO. 63)<br><br>21-DAY DEADLINE |

　　　　Brian Caputo ("Plaintiff") is a prisoner[1] proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. As described below, Plaintiff has filed what the Court construes as a motion for sanctions claiming that Kern County Sherriff's Office ("KCSO") misrepresented that it did not have responsive information in the form of any address, current or former, for a former employee.

　　　　As background, on July 7, 2017, the Court granted Plaintiff's motion for the issuance of a subpoena upon Kern County Sherriff's Office by the United States Marshal without prepayment of costs. (ECF No. 51). Plaintiff had requested the issuance of a subpoena upon the Kern County

---

[1] At the time of the incidents alleged in the complaint, Plaintiff was detained at Kern County Jail. He is now incarcerated at FCI Marianna.

Sherriff's Office "for Deputy Gonzalez's full name and last known address" in order to locate Deputy Gonzalez for service on the complaint. (ECF No. 46). Plaintiff completed and returned the subpoena and form USM-285 (ECF No. 52), and the Court directed the United States Marshals Service to serve the subpoena. (ECF No. 53).[2]

On November 6, 2017, Plaintiff filed what the Court construes as a motion for sanctions. (ECF No. 63). According to Plaintiff, as defendant Gonzalez's former employer, KCSO was not being truthful when it represented that it lacked any an address for defendant Gonzalez. Plaintiff argues that KCSO would need an address from defendant Gonzalez for payment, tax, and other legal purposes. While Plaintiff does not state what, if any, information was provided to him, the Court notes that KCSO has represented to this Court that it "does not have a past or current residence address for the formerly employed Deputy." (ECF No. 59, p. 2). Plaintiff asks the Court to sanction KCSO for this statement because Plaintiff claims it is not possible that KCSO lacks any address, past or present, for this former employee.

Given Plaintiff's motion for sanctions and Plaintiff's challenge to KCSO's claim that it has no address whatsoever for Deputy Gonzalez, the Court will require KCSO to file a response to Plaintiff's motion.

Accordingly, based on the foregoing, IT IS ORDERED THAT KCSO has twenty-one days from the date of service of this order to respond to Plaintiff's motion (ECF No. 63), in particular to the assertion that, as defendant Gonzalez's former employer, KCSO should have an address for defendant Gonzalez.
IT IS SO ORDERED.

Dated: **November 7, 2017**   /s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE

---

[2] KCSO initially failed to respond to the subpoena. KCSO eventually filed a motion with the Court requesting additional time because "Through an apparent miscommunication between KCSO and its counsel the Office of Kern County Counsel (hereinafter "KCCO") . . . a response to Plaintiff's subpoena was not served in a timely fashion." (ECF No. 59, p. 1). On October 17, 2017, the Court granted KCSO's request for an additional fourteen days to respond to the subpoena. (ECF No. 60).