# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN CAPUTO,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>GONZALES and DOE(S),<br><br>　　　　Defendants. | Case No. 1:15-cv-01008-EPG (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR SANCTIONS AND MOTION FOR COURT TO OBTAIN INFORMATION<br><br>(ECF NOS. 63 & 73) |

Brian Caputo ("Plaintiff") is a prisoner[1] proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983.

On July 7, 2017, the Court granted Plaintiff's motion for the issuance of a subpoena upon Kern County Sherriff's Office ("KCSO") by the United States Marshals Service without prepayment of costs. (ECF No. 51). Plaintiff had requested the issuance of a subpoena upon the KCSO "for Deputy Gonzalez's full name and last known address" in order to locate Deputy Gonzalez for service of the complaint.[2] (ECF No. 46). Plaintiff completed and returned the subpoena and form USM-285 (ECF No. 52), and the Court directed the United States Marshals Service to serve the subpoena. (ECF No. 53).

KCSO initially failed to respond to the subpoena. KCSO eventually filed a motion with the Court requesting additional time because "[t]hrough an apparent miscommunication between KCSO and its counsel the Office of Kern County Counsel… a response to Plaintiff's subpoena was not served in a timely fashion." (ECF No. 59, p. 1). On October 17, 2017, the Court granted KCSO's request for an additional fourteen days to respond to the subpoena. (ECF No. 60).

On November 6, 2017, Plaintiff filed what the Court construes as a motion for sanctions.

---

[1] At the time of the incidents alleged in the complaint, Plaintiff was detained at Kern County Jail. He is now incarcerated at FCI Marianna.
[2] Deputy Gonzalez was later identified as Oscar Gonzales. (ECF No. 66, p. 4).

1

(ECF No. 63). According to Plaintiff, as defendant Gonzales's former employer, KCSO was not being truthful when it represented that it lacked any an address for defendant Gonzales. Plaintiff argues that KCSO would need an address from defendant Gonzales for payment, tax, and other legal purposes. While Plaintiff does not state what, if any, information was provided to him, the Court notes that KCSO represented to this Court that it "does not have a past or current residence address for the formerly employed Deputy." (ECF No. 59, p. 2).

Plaintiff also alleges that KCSO has access to defendant Gonzales's current address because "Plaintiff firmly believes that KCSO, Kern County Counsel Office ("KCCG"), and the California Department of Corrections and Rehabilitation ("CDCR") are all entities of state and/or county law enforcement facilities and their locations are known to all other law enforcement agencies and offices." Plaintiff asks the Court to sanction KCSO for not providing Plaintiff with an address for defendant Gonzales.

On November 10, 2017, KCSO filed its opposition. (ECF No. 66). In its opposition KCSO does not claim that it does not have a past address for defendant Gonzales. Instead, KCSO states that it does not have defendant Gonzales's current address, and that even if it had defendant Gonzales's current address, it would not be allowed to provide it. (Id. at 5-6).

A Rule 45 subpoena *duces tecum* may be issued to obtain discovery from a non-party. See Fed. R. Civ. P. 45. "Rule 45 subpoenas permit discovery from nonparties equivalent to discovery from parties under Rule 34." Scruggs v. Vance, No. 2:06-CV-0633 KJM KJN, 2011 WL 6368297, at *10 (E.D. Cal. Dec. 19, 2011) (citing Adv. Comm. Note on 1991 Amendment to Fed. R. Civ. P. 45.). A nonparty served with the subpoena *duces tecum* may make objections to production of the information within 14 days after service or before the time for compliance, if less than 14 days. Fed.R.Civ.P. 45(d)(2)(B). "Generally, failure to serve timely objections waives all grounds for objection." Scruggs, 2011 WL 6368297, at *10.

"The court… may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it." Fed. R. Civ. P. 45(g). "Civil contempt is characterized by the court's desire to compel obedience with a court order, or to compensate the contemnor's adversary for the injuries which result from the non-compliance."

Scruggs, 2011 WL 6368297, at *14.

To begin, the Court notes that it appears that KCSO's assertion that it does not have a past address for defendant Gonzales was inaccurate. However, this inaccuracy does not appear to be relevant because having defendant Gonzales's past address will likely not assist Plaintiff or the Court in locating defendant Gonzales. Therefore, Plaintiff has suffered no injury as a result of KCSO's non-compliance.

Additionally, Plaintiff has provided no evidence that KCSO has a current address for defendant Gonzales. It is unclear why Plaintiff "firmly believes" that KCSO has access to a state agency's internal records. Moreover, KCSO has indicated that it does not have access to defendant Gonzales's current address.

Accordingly, the Court will deny Plaintiff's motion for sanctions.

As it appears that ordering KCSO to provide the Court with defendant Gonzales's past address will not assist Plaintiff or the Court in locating defendant Gonzales, the Court will also deny Plaintiff's motion requesting that defendant Gonzales's past address be provided to the Court (ECF No. 73).[3]

However, as KCSO has stated that it is willing to assist to the extent possible (ECF No. 66, p. 7), the Court will request that KCSO provide defendant Gonzales's date of birth and social security number *in camera* to the Court at mrooney@caed.uscourts.gov by January 16, 2018. This information may allow the United States Marshals Service to attempt to serve defendant Gonzales at the address provided by KCSO (ECF No. 66, p. 9).

Accordingly, based on the foregoing, IT IS ORDERED that Plaintiff's motion for sanctions (ECF No. 63) and motion for the Court to obtain information (ECF No. 73) are DENIED.

///
///
///

---

[3] To the extent that Plaintiff is requesting that the Court order KCSO to provide the Court with defendant Gonzales's current address, KCSO has indicated it does not have, or have access to, that information (ECF No. 66, pgs. 5-6). Accordingly, the Court cannot order KCSO to provide that information.

Additionally, the Court REQUESTS that KCSO provide defendant Gonzales's date of birth and social security number *in camera* to the Court at mrooney@caed.uscourts.gov by January 16, 2018.

IT IS SO ORDERED.

Dated: **December 26, 2017**

/s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE