UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN CAPUTO,<br><br>        Plaintiff,<br><br>    v.<br><br>GONZALES AND DOE(S),<br><br>        Defendants. | Case No. 1:15-cv-01008-EPG (PC)<br><br>ORDER GRANTING IN PART PLAINTIFF'S MOTION TO SUBSTITUTE, GRANTING PLAINTIFF LEAVE TO AMEND, AND FORWARDING SERVICE DOCUMENTS TO PLAINTIFF FOR COMPLETION AND RETURN WITHIN THIRTY DAYS<br><br>(ECF NO. 72) |

Brian Caputo ("Plaintiff") is a prisoner[1] proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. On November 27, 2017, Plaintiff filed a motion to substitute Sgt. Black and Deputy Delgado in place of the Doe defendants (ECF No. 72),[2] which is now before the Court.

This case is currently proceeding on Plaintiff's claims for violation of Plaintiff's Fourteenth Amendment due process rights against Doe Defendant(s), for retaliation in violation of the First Amendment against defendant Gonzalez, and for excessive force in violation of the Fourteenth Amendment against defendant Gonzalez. (ECF No. 44, p. 9).

"Plaintiff moves to add Sgt. Black as DOE Defendant, along with Deputy Delgado whom [sic] was present and on shift right next to 'Deputy Gonzales' while assault took place and did nothing to prevent or interfear [sic] with the misconduct of his coworker and was

---

[1] At the time of the incidents alleged in the complaint, Plaintiff was detained at Kern County Jail. He is now incarcerated at FCI Marianna.

[2] Plaintiff's motion is titled "motion asking the courts to have Kern County Sheriff's Office forfeit all grievances along with all Internal Affairs interviews, (papers, and recordings; i.e. AC0210-25016 and witness filings) reguarding [sic] the incident alleged on May 4, 2016, at 9:30 pm in Max-med dorm 7, to be reviewed by Plaintiff." However, Plaintiff's motion is completely unrelated to the title. To the extent that Plaintiff is actually attempting to take discovery, that request is DENIED. As the Court previously informed Plaintiff, at this point discovery has only been opened for the limited purpose of identifying and finding an address for defendant Gonzalez. (ECF No. 69).

1

therefor [sic] an accessory to the conspiracy of the assault." (ECF No. 72).

As the Court explained in upholding a claim against the Doe defendants, "Plaintiff has alleged that he was placed in disciplinary isolation from May 4, 2016, through November 22, 2016. While this complaint is silent as to whether Plaintiff received a due process hearing prior to being placed into disciplinary isolation, the Court will allow this claim to proceed. The more difficult question is who is responsible for this violation. Plaintiff has not alleged that defendant Gonzalez was responsible for placing him in administrative segregation, and it does not appear that a deputy would have that authority. Additionally, Plaintiff has failed to allege any acts or omissions by defendant Kern County Sherriff's Office that led to the alleged deprivation of Plaintiff's Fourteenth Amendment due process rights. Therefore, the Court will allow this claim to proceed only against Doe Defendant(s)." (ECF No. 44, p. 7).

As Sgt. Black appears to be one of the Doe defendants involved in the incident related to Plaintiff's Fourteenth Amendment due process claim, the Court will grant the motion to substitute as to Sgt. Black. In order to control the Court's docket, and to effectuate the speedy and orderly administration of justice, the Court will give Plaintiff permission to substitute Sgt. Black in place of a Eoe defendant without rewriting his complaint.

As the Court is granting Plaintiff's motion as to Sgt. Black, all references in the screening order (ECF No. 44) to Doe Defendant(s) will be treated as referring to Sgt. Black. Once Sgt. Black has been served he may object to this substitution. If any objection is sustained, Plaintiff may be required to file an amended complaint.

As to Plaintiff's request to substitute Deputy Delgado in place of a Doe defendant, that request will be denied. Based on the motion to substitute, it appears that Deputy Delgado had nothing to do with Plaintiff's Fourteenth Amendment due process claim. Accordingly, Plaintiff may not substitute Deputy Delgado in place of a Doe defendant.

While the Court is denying the motion to substitute as to Deputy Delgado, the Court will grant Plaintiff leave to amend because it appears that Plaintiff is attempting to assert a Fourteenth Amendment failure to protect claim against Deputy Delgado. Under Rule 15(a)(2) of the Federal Rules of Civil Procedure, "the court should freely give leave [to amend] when

justice so requires." Accordingly, the Court will provide Plaintiff with time to file an amended complaint, so that Plaintiff may add claim(s) against Deputy Delgado.[3] Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th Cir. 2000). Plaintiff is granted leave to file an amended complaint within thirty days.

If Plaintiff chooses to amend his complaint, in his amended complaint he must state what each named defendant did that led to the deprivation of his constitutional or other federal rights. Fed. R. Civ. P. 8(a); Iqbal, 556 U.S. at 678; Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purpose of changing the nature of this suit or adding unrelated claims. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff is advised that an amended complaint supersedes the original complaint, Lacey v. Maricopa County, 693 F 3d. 896, 907 n.1 (9th Cir. 2012) (*en banc*), and it must be complete in itself without reference to the prior or superseded pleading, Local Rule 220. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "Fifth Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

The Court notes that the elements of a pretrial detainee's Fourteenth Amendment failure-to-protect claim against an individual officer are:

> (1) The defendant made an intentional decision with respect to the conditions under which the plaintiff was confined;
>
> (2) Those conditions put the plaintiff at substantial risk of suffering serious harm;
>
> (3) The defendant did not take reasonable available measures to abate that risk, even though a reasonable officer in the circumstances would have appreciated the high degree of risk

---

[3] Plaintiff may also amend his complaint to refer to Sgt. Black.

> involved—making the consequences of the defendant's conduct obvious; and
>
> (4) By not taking such measures, the defendant caused the plaintiff's injuries.
>
> With respect to the third element, the defendant's conduct must be objectively unreasonable, a test that will necessarily "turn[ ] on the 'facts and circumstances of each particular case.' " *Kingsley*, 135 S.Ct. at 2473 (quoting *Graham v. Connor*, 490 U.S. 386, 396, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989)); *see also* Restatement (Second) of Torts § 500 cmt. a (Am. Law Inst. 2016) (recognizing that "reckless disregard" may be shown by an objective standard under which an individual "is held to the realization of the aggravated risk which a reasonable [person] in his place would have, although he does not himself have it").

Castro v. Cty. of Los Angeles, 833 F.3d 1060, 1071 (9th Cir. 2016) (alterations in original) (footnote omitted).

Again, if Plaintiff chooses to amend his complaint, the new complaint will substitute the current complaint and must be complete in itself. The Court will screen the new complaint in due course.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's motion to substitute (ECF No. 72) is GRANTED IN PART;
2. All references in the screening order (ECF No. 44) to Doe Defendant(s) will be treated as referring to Sgt. Black;
3. Sgt. Black has sixty (60) days from the date he is served (or waives service) to serve and file an objection to this substitution. If he has no objection to the substitution he should serve and file a statement to that effect;
4. Service is appropriate for:
    a. **Sgt. Black;**
5. The Clerk of Court is directed to add Sgt. Black as a defendant on the Court's docket;
6. The Clerk of Court shall SEND Plaintiff one (1) USM-285 form, one (1) summons, a Notice of Submission of Documents form, an instruction sheet, and

a copy of the complaint filed on May 15, 2017 (ECF No. 43);

7. Within **thirty (30) days** from the date of service of this order, Plaintiff shall complete the attached Notice of Submission of Documents and submit the completed Notice to the Court with the following documents:

    a.   A completed summons for Sgt. Black;

    b.   A completed USM-285 form for Sgt. Black;

    c.   A copy of this order; and

    d.   Two (2) copies of the endorsed complaint filed on May 15, 2017;

8. Plaintiff need not attempt service on the above-named defendant and need not request waiver of service. Upon receipt of the above-described documents, the Court will direct the United States Marshals Service to serve the above-named defendant pursuant to Federal Rule of Civil Procedure 4 without payment of costs;

9. Plaintiff is granted leave to amend. If Plaintiff chooses to file an amended complaint, Plaintiff shall caption the amended complaint "Fifth Amended Complaint" and refer to the case number 1:15-cv-01008-EPG; and

10. <u>Failure to comply with this order may result in the dismissal of this action</u>.

IT IS SO ORDERED.

Dated:   **December 26, 2017**              /s/ Erica P. Grosjean
                                            UNITED STATES MAGISTRATE JUDGE