UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN CAPUTO,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>GONZALES, et al.,<br><br>　　　　Defendants. | Case No. 1:15-cv-01008-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS CLAIMS CONSISTENT WITH MAGISTRATE JUDGE'S PRIOR ORDER IN LIGHT OF <u>WILLIAMS</u> DECISION<br><br>(ECF NOS. 43 & 44)<br><br>OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN (14) DAYS |

Brian Caputo ("Plaintiff") is a prisoner[1] proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff consented to magistrate judge jurisdiction. (ECF No. 5).

The Court previously screened Plaintiff's complaint before any defendants appeared. (ECF No. 44). The Court found that Plaintiff stated a cognizable claim for violation of his Fourteenth Amendment due process rights against Doe Defendant(s),[2] for retaliation in violation of the First Amendment against defendant Gonzalez, and for excessive force in violation of the Fourteenth Amendment against defendant Gonzalez. The Court dismissed all

---

[1] At the time of the incidents alleged in the original complaint, Plaintiff was detained at Kern County Jail. He is now incarcerated at Federal Correctional Institution - Adelanto. It appears that Plaintiff was a pretrial detainee as the time of the incidents alleged in the complaint, so the Court is utilizing the standards for pretrial detainees at this time. However, the Court is not making a finding regarding whether Plaintiff was a pretrial detainee at the time of the alleged incidents.

[2] One of the Doe Defendant(s) was later identified as Sergeant Black. (ECF Nos. 72 & 75).

1

other claims and defendants

As described below, in light of Ninth Circuit authority, this Court is recommending that the assigned district judge dismiss claims and defendants consistent with the order by the magistrate judge at the screening stage.

I. **WILLIAMS V. KING**

On November 9, 2017, the United States Court of Appeals for the Ninth Circuit held that a magistrate judge lacked jurisdiction to dismiss a prisoner's case for failure to state a claim at the screening stage where the Plaintiff had consented to magistrate judge jurisdiction and defendants had not yet been served. Williams v. King, 875 F.3d 500 (9th Cir. 2017). Specifically, the Ninth Circuit held that "28 U.S.C. § 636(c)(1) requires the consent of all plaintiffs and defendants named in the complaint—irrespective of service of process—before jurisdiction may vest in a magistrate judge to hear and decide a civil case that a district court would otherwise hear." Id. at 501.

Here, Defendants were not served at the time the Court issued its order dismissing claims and defendants, and therefore had not appeared or consented to magistrate judge jurisdiction. Accordingly, the magistrate judge lacked jurisdiction to dismiss claims and defendants based solely on Plaintiff's consent.

In light of the holding in Williams, this Court will recommend to the assigned district judge that he dismiss the claims and defendants previously dismissed by this Court, for the reasons provided in the Court's screening order.

II. **SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). As Plaintiff is proceeding *in forma pauperis* (ECF No. 4), the Court may also screen the complaint under 28 U.S.C. § 1915. "Notwithstanding any filing fee, or any

portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). The mere possibility of misconduct falls short of meeting this plausibility standard. Id. at 679. While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). Additionally, a plaintiff's legal conclusions are not accepted as true. Iqbal, 556 U.S. at 678.

Pleadings of *pro se* plaintiffs "must be held to less stringent standards than formal pleadings drafted by lawyers." Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (holding that *pro se* complaints should continue to be liberally construed after Iqbal).

### III. SUMMARY OF PLAINTIFF'S ALLEGATIONS

Plaintiff states that on May 4, 2016, at around 9:30 p.m., Plaintiff had taken his evening medication when defendant Gonzalez pulled him out of pill line. Plaintiff then choked on water, and was yelled at by defendant Gonzalez, who accused Plaintiff of putting his pills in his locker. Plaintiff invited defendant Gonzalez to search his locker. Defendant Gonzalez declined. Defendant Gonzalez then stated "I am not turning on the T.V. and phones because Plaintiff (self) for the night."

Plaintiff asked for a grievance form, and defendant Gonzalez said "'you want a grievance? There it is' (or I got your grievance form right here)." Defendant Gonzalez then pulled Plaintiff by his arm and shirt collar into the wall four times, before throwing Plaintiff to

the floor and driving his knee into Plaintiff's lower back. Plaintiff was never given a grievance form.

After that incident Plaintiff had trouble sleeping or being around any officers.

As a result of the incident, Plaintiff was put in disciplinary isolation from May 4, 2016, through November 22, 2016.

Plaintiff alleges that defendant Kern County Sheriff's Office violated Plaintiff's rights because of its lack of training and background checks.

## IV. SECTION 1983

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

42 U.S.C. § 1983. "[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" Graham v. Connor, 490 U.S. 386, 393-94 (1989) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)); see also Chapman v. Houston Welfare Rights Org., 441 U.S. 600, 618 (1979); Hall v. City of Los Angeles, 697 F.3d 1059, 1068 (9th Cir. 2012); Crowley v. Nevada, 678 F.3d 730, 734 (9th Cir. 2012); Anderson v. Warner, 451 F.3d 1063, 1067 (9th Cir. 2006).

To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law, and (2) the defendant deprived him of rights secured by the Constitution or federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); see also Marsh v. Cnty. of San Diego, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law"). A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" Preschooler II v. Clark Cnty. Sch. Bd. of Trs., 479 F.3d 1175, 1183 (9th

Cir. 2007) (quoting <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978)). "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." <u>Preschooler II</u>, 479 F.3d at 1183 (quoting <u>Johnson</u>, 588 F.2d at 743). This standard of causation "closely resembles the standard 'foreseeability' formulation of proximate cause." <u>Arnold v. Int'l Bus. Mach. Corp.</u>, 637 F.2d 1350, 1355 (9th Cir. 1981); <u>see also</u> <u>Harper v. City of Los Angeles</u>, 533 F.3d 1010, 1026 (9th Cir. 2008).

Additionally, a plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. <u>Iqbal</u>, 556 U.S. at 676-77. In other words, there must be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. See <u>Monell v. Dep't of Soc. Servs.</u>, 436 U.S. 658, 691, 695 (1978).

Supervisory personnel are generally not liable under section 1983 for the actions of their employees under a theory of *respondeat superior* and, therefore, when a named defendant holds a supervisory position, the causal link between him and the claimed constitutional violation must be specifically alleged. See <u>Fayle v. Stapley</u>, 607 F.2d 858, 862 (9th Cir. 1979); <u>Mosher v. Saalfeld</u>, 589 F.2d 438, 441 (9th Cir. 1978), <u>cert. denied</u>, 442 U.S. 941 (1979). To state a claim for relief under section 1983 based on a theory of supervisory liability, Plaintiff must allege some facts that would support a claim that the supervisory defendants either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" <u>Hansen v. Black</u>, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); <u>Taylor v. List</u>, 880 F.2d 1040, 1045 (9th Cir. 1989). For instance, a supervisor may be liable for his "own culpable action or inaction in the training, supervision, or control of his subordinates," "his acquiescence in the constitutional deprivations of which the complaint is made," or "conduct that showed a reckless or callous indifference to the rights of

others." Larez v. City of Los Angeles, 946 F.2d 630, 646 (9th Cir. 1991) (internal citations, quotation marks, and alterations omitted).

"[P]retrial detainees… possess greater constitutional rights than prisoners." Stone v. City of San Francisco, 968 F.2d 850, 857 n.10 (9th Cir. 1992); see also Gary H. v. Hegstrom, 831 F.2d 1430, 1432 (9th Cir. 1987).

V.     ANALYSIS OF PLAINTIFF'S CLAIMS

   A.     Plaintiff's Claim 4

The Court notes out the outset that claim 4 in Plaintiff's complaint will be dismissed for failure to state a claim. Plaintiff has failed to sufficiently allege that the deprivation of his constitutional rights was caused by an official policy of defendant Kern County Sheriff's Office.

"Local governing bodies… can be sued directly under § 1983 for monetary, declaratory, or injunctive relief where… the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." Monell, 436 U.S. at 690 (footnote omitted).

"Plaintiffs who seek to impose liability on local governments under § 1983 must prove that action pursuant to official municipal policy caused their injury. Official municipal policy includes the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law. These are action[s] for which the municipality is actually responsible." Connick v. Thompson, 563 U.S. 51, 60–61 (2011) (internal citations and quotations omitted) (alteration in original).

Plaintiff alleges that defendant Kern County Sheriff's Office violated his equal protection rights, his right to be free from cruel and unusual punishment, and his due process rights, because of its lack of training and background checks. However, Plaintiff provides only these conclusory allegations. There is no description of what training defendant Kern County Sheriff's Office provided its staff, what training Plaintiff believes it should have provided its staff, or how a deficiency in training led to the alleged constitutional violations. Additionally, there is no description of the background checks that defendant Kern County Sheriff's Office

conducts, no description of what kind of background checks Plaintiff believes it should have conducted, and no description of how a deficiency in the background check process led to the alleged constitutional violations. Accordingly, Claim 4 does not state a claim upon which relief may be granted.

### B. Fourteenth Amendment/Due Process

A pretrial detainee "may not be punished without a due process hearing." Mitchell v. Dupnik, 75 F.3d 517, 524 (9th Cir. 1996). "[P]retrial detainees may be subjected to disciplinary segregation only with a due process hearing to determine whether they have in fact violated any rule." Id.

Plaintiff has alleged that he was placed in disciplinary isolation from May 4, 2016, through November 22, 2016. While this complaint is silent as to whether Plaintiff received a due process hearing prior to being placed into disciplinary isolation, the Court will allow this claim to proceed. The more difficult question is who is responsible for this violation. Plaintiff has not alleged that defendant Gonzalez was responsible for placing him in administrative segregation, and it does not appear that a deputy would have that authority. Additionally, Plaintiff has failed to sufficiently allege that an official policy of defendant Kern County Sherriff's Office led to the alleged deprivation of Plaintiff's Fourteenth Amendment due process rights. Therefore, the Court will allow this claim to proceed only against Doe Defendant(s). When the Court opens discovery, Plaintiff will be permitted to ask the Court for permission to serve third party subpoenas so that he can gather the information necessary to identify the parties responsible for this alleged constitutional deprivation. The Court notes that one of the Doe Defendant(s) has been identified as Sergeant Black. (ECF Nos. 72 & 75).

### C. First Amendment/Retaliation

Allegations of retaliation against a prisoner's First Amendment rights may support a section 1983 claim. Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985); see also Valandingham v. Bojorquez, 866 F.2d 1135 (9th Cir. 1989); Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995). A retaliation claim requires "five basic elements: (1) an assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's

protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted); accord Watson v. Carter, 668 F.3d 1108, 1114-15 (9th Cir. 2012); Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009). This standard also applies to pretrial detainees. See, e.g., Edmundson v. Flathead Cty. Sheriff Dep't, 654 F. App'x 264 (9th Cir. 2016); Williams v. Madrid, 609 F. App'x 421 (9th Cir. 2015).

Plaintiff alleges that he was assaulted for asking for a grievance form. Given what deputy Gonzalez allegedly said, as well as the allegation that Plaintiff was attacked right after he asked for a grievance form, the Court finds that Plaintiff has stated a cognizable retaliation claim against defendant Gonzalez.

### D. Fourteenth Amendment/Excessive Force

A pretrial detainee's right to be free from punishment is grounded in the Due Process Clause, but courts borrow from Eighth Amendment jurisprudence when analyzing the rights of pre-trial detainees. See, e.g., Lolli v. Cnty. of Orange, 351 F.3d 410, 418-19 (9th Cir. 2003); Or. Advocacy Ctr. v. Mink, 322 F.3d 1101, 1120 (9th Cir. 2003).

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). The unnecessary and wanton infliction of pain violates the Cruel and Unusual Punishments Clause of the Eighth Amendment. Hudson v McMillian, 503 U.S. 1, 5 (1992) (citations omitted). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. Farmer v. Brennan, 511 U.S. 825, 832-33 (1994) (quotations omitted). For claims of excessive physical force, the issue is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson, 503 U.S. at 7. Although *de minimis* uses of force do not violate the Constitution, the malicious and sadistic use of force to cause harm always violates the Eighth Amendment, regardless of whether or not significant injury is evident. Hudson, 503 U.S. at 9-10; Oliver v. Keller, 289

F.3d 623, 628 (9th Cir. 2002).

However, "a pretrial detainee must show only that the force purposely or knowingly used against him was objectively unreasonable." Kingsley v. Hendrickson, 135 S. Ct. 2466, 2473 (2015).

Plaintiff has alleged that, because he requested a grievance form, deputy Gonzalez slammed Plaintiff into a wall four times, threw Plaintiff on the ground, and then slammed his knee into Plaintiff's lower back. The Court finds that Plaintiff has stated a cognizable claim for excessive force in violation of the Fourteenth Amendment against defendant Gonzalez.

## VI. CONCLUSION AND RECOMMENDATIONS

For the foregoing reasons, IT IS HEREBY RECOMMENDED that all claims and defendants be DISMISSED, except for Plaintiff's claims for violation of his Fourteenth Amendment due process rights against defendant Black and Doe Defendant(s), for retaliation in violation of the First Amendment against defendant Gonzalez, and for excessive force in violation of the Fourteenth Amendment against defendant Gonzalez.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within seven (7) days after service of the objections. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **March 22, 2018**    /s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE