UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN CAPUTO,<br><br>            Plaintiff,<br><br>   v.<br><br>GONZALES, et al.,<br><br>            Defendants. | Case No. 1:15-cv-01008-LJO-EPG (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECUSAL OF CHIEF JUDGE O'NEILL<br><br>(ECF NO. 86) |

      Brian Caputo ("Plaintiff") is a prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. On April 2, 2018, Plaintiff filed a motion asking to be assigned a different district judge due to legal prejudice (ECF No. 86), which the undersigned construes as a motion for recusal of the undersigned. Plaintiff asserts that the undersigned unfairly denied Plaintiff's motion to suppress in Plaintiff's criminal case. Plaintiff asks that a different district judge be assigned.

      A judge is required to disqualify himself if his impartiality might reasonably be questioned. 28 U.S.C. § 455(a). A judge shall also disqualify himself if he has "personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. § 455(b)(1). The decision regarding disqualification is made by the judge whose impartiality is at issue. Bernard v.

1

Coyne, 31 F.3d 842, 843 (9th Cir. 1994). The Supreme Court has recognized that:

> [J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion. In and of themselves (*i.e.,* apart from surrounding comments or accompanying opinion), they cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism required… when no extrajudicial source is involved. Almost invariably, they are proper grounds for appeal, not for recusal.

Liteky v. United States, 510 U.S. 540, 555 (1994) (citation omitted). "The test is 'whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." United States v. Wilkerson, 208 F.3d 794, 797 (9th Cir. 2000) (quoting United States v. Hernandez, 109 F.3d 1450, 1453 (9th Cir. 1997)). "Frivolous and improperly based suggestions that a judge recuse should be firmly declined." Maier v. Orr, 758 F.2d 1578, 1583 (9th Cir. 1985) (citations omitted).

Here, Plaintiff is asking that the undersigned recuse himself because Plaintiff did not like the undersigned's ruling in Plaintiff's criminal case, and believes that the ruling shows that the undersigned is biased. As described above, this is almost never grounds for recusal, and the undersigned sees no reason to deviate from the general rule here. The undersigned has reviewed the record, and there is no evidence of any impropriety.

Accordingly, IT IS ORDERED that Plaintiff's motion for recusal is denied.

IT IS SO ORDERED.

Dated: **April 5, 2018**        /s/ Lawrence J. O'Neill
                                UNITED STATES CHIEF DISTRICT JUDGE