UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN CAPUTO,<br><br>        Plaintiff,<br><br>   v.<br><br>GONZALES, et al.,<br><br>        Defendants. | Case No. 1:15-cv-01008-LJO-EPG (PC)<br><br>ORDER FOLLOWING INITIAL SCHEDULING CONFERENCE<br><br>(ECF NOS. 94, 96, 97, 98, & 99)<br><br>ORDER DIRECTING CLERK TO SERVE PLAINTIFF WITH COPY OF ORDER REQUIRING INITIAL DISCLOSURES<br><br>(ECF NO. 82) |

      Brian Caputo ("Plaintiff") is a prisoner[1] proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. On June 25, 2018, the Court held an Initial Scheduling Conference ("Conference"). Plaintiff telephonically appeared on his own behalf. Counsel Andrew Thomson telephonically appeared on behalf of defendants Gonzales and Black.

      During the Conference, the Court and the parties discussed relevant documents in this case and their possible locations. In addition to opening discovery generally, the Court ordered that certain documents that are central to the dispute be promptly produced.

      The Court and the parties also discussed several outstanding motions, which the Court

---

[1] Plaintiff was detained at Kern County Jail at the time of the incidents alleged in the complaint. He is now incarcerated at FCI Marianna.

1

ruled on at the hearing.

Therefore, in an effort to secure the just, speedy, and inexpensive disposition of this action,[2] and after consideration of Federal Rule of Civil Procedure 26(b)(1),[3] IT IS ORDERED[4] that:

1. Plaintiff has until July 25, 2018, to serve Defendants with his initial disclosures. As discussed in the Court's prior order (ECF No. 82), Plaintiff shall provide Defendants with "[t]he name and, if known, the address and telephone number of each individual likely to have discoverable information−along with the subjects of that information−that [Plaintiff] may use to support [his] claims or defenses, unless the use would be solely for impeachment." (Id. at 2). Plaintiff shall also provide Defendants with a "copy−or a description by category and location−of all documents, electronically stored information, and tangible things that [Plaintiff] has in [his] possession, custody, or control and may use to support [his] claims or defenses, unless the use would be solely for impeachment." (Id.);

---

[2] *See*, *e.g.*, *United States v. W.R. Grace*, 526 F.3d 499, 508–09 (9th Cir. 2008) ("We begin with the principle that the district court is charged with effectuating the speedy and orderly administration of justice. There is universal acceptance in the federal courts that, in carrying out this mandate, a district court has the authority to enter pretrial case management and discovery orders designed to ensure that the relevant issues to be tried are identified, that the parties have an opportunity to engage in appropriate discovery and that the parties are adequately and timely prepared so that the trial can proceed efficiently and intelligibly.").

[3] Federal Rule of Civil Procedure 26 provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). "Information within this scope of discovery need not be admissible in evidence to be discoverable." *Ibid.*

[4] Pursuant to Federal Rule of Civil Procedure 16, "[a]t any pretrial conference, the court may consider and take appropriate action on the following matters: . . . controlling and scheduling discovery, including orders affecting disclosures and discovery under Rule 26 and Rules 29 through 37" and "facilitating in other ways the just, speedy, and inexpensive disposition of the action." Fed. R. Civ. P. 16(c)(2)(F). *See also Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988) ("The district court has wide discretion in controlling discovery."). Federal Rule of Civil Procedure 16 vests the district court with early control over cases "toward a process of judicial management that embraces the entire pretrial phase, especially motions and discovery." *In re Arizona*, 528 F.3d 652, 655 (9th Cir. 2008) (affirming district court's requiring that prison officials prepare a *Martinez* report to give detailed factual information involving a prisoner's suit under 42 U.S.C. § 1983 and stating "district courts have wide latitude in controlling discovery."). *See also* Advisory Committee Notes to 1993 Amendment to Federal Rules of Civil Procedure regarding Rule 26(a) ("The enumeration in Rule 26(a) of items to be disclosed does not prevent a court from requiring by order or local rule that the parties disclosed additional information without a discovery request.").

2. The Clerk of Court is directed to send Plaintiff a copy of the order requiring initial disclosures (ECF No. 82);
3. Defendants have until July 27, 2018, to: 1) produce to Plaintiff internal affairs report AC2016-021 and related documents, which include three witness statements and findings; and/or 2) file any motions/objections regarding the treatment of those documents. If Defendants object to providing some or all of the documents based on the official information privilege, Defendants shall provide those documents to the Court for *in camera* review;
4. By July 27, 2018, Plaintiff shall produce to Defendants copies of all documents (including grievances) related to his attempts to exhaust the administrative remedies as to his allegations in this case; and
5. The parties may take depositions via telephone and/or video conference.

IT IS FURTHER ORDERED that:

1. Plaintiff's motion asking the Courts to add Donny Youngblood and the Kern County Sheriff's Office as DOE Defendants (ECF No. 94) and his motion to add Sergeant B. Graves as DOE Defendant (ECF No. 97) are DENIED for the reasons stated on the record;
2. Plaintiff's motion asking for the Initial Disclosure made available on April 25, 2018, and further discovery essential to the proper prosecution of this action (ECF No. 96) shall be treated as discovery requests that were served on June 25, 2018;
3. As Plaintiff stated on the record that he voluntarily withdraws his motion for summary judgment (ECF No. 98), Plaintiff's motion for summary judgment is WITHDRAWN, without prejudice to Plaintiff filing another motion for summary judgment; and

\\\
\\\
\\\
\\\

4. Plaintiff's motion to conduct all further proceedings before Magistrate Judge Erica P. Grosjean (ECF No 99) is DENIED for the reasons stated on the record.

IT IS SO ORDERED.

Dated: **June 28, 2018**    /s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE