UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN CAPUTO,<br><br>    Plaintiff,<br><br>v.<br><br>GONZALES, et al.,<br><br>    Defendants. | Case No. 1:15-cv-01008-LJO-EPG (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR ISSUANCE OF SUBPOENAS DUCES TECUM, REQUEST TO SUBPOENA WITNESSES, AND REQUEST TO SEAL<br><br>(ECF NO. 105) |

    Brian Caputo ("Plaintiff") is a prisoner[1] proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. This case is now proceeding on Plaintiff's "claims for violation of his Fourteenth Amendment due process rights against defendant Black and Doe Defendant(s), for retaliation in violation of the First Amendment against defendant Gonzalez, and for excessive force in violation of the Fourteenth Amendment against defendant Gonzalez." (ECF No. 93 p. 2; ECF No. 44).

    On July 19, 2018, Plaintiff filed his initial disclosures. (ECF No. 105). In his initial disclosures, he "asks the courts to subpoena the video of cell C-1-04 on May 26, 2016, to show Deputy Fisher ignoring the grievance form. Which Plaintiff alleges that act to be another form

///

---

[1] Plaintiff was detained at Kern County Jail at the time of the incidents alleged in the complaint. He is now incarcerated at FCI Marianna.

1

of Plaintiff's First Amendment right being violated and a deprivision [sic] thereof." (Id. at 4).[2] He also filed a request for Deputy Briggs and Deputy Moles to be subpoenaed as witnesses (id. at 10), and asked that the request be sealed because if it is not his witnesses may be persuaded to change their statements (id. at 11).

"A command in a subpoena to produce documents, electronically stored information, or tangible things requires the responding person to permit inspection, copying, testing, or sampling of the materials." Fed. R. Civ. P. 45(a)(1)(D). "If the subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, then before it is served on the person to whom it is directed, a notice and a copy of the subpoena must be served on each party." Fed. R. Civ. P. 45(a)(4).

Under Rule 26 of the Federal Rules of Civil Procedure, "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). "Information within this scope of discovery need not be admissible in evidence to be discoverable." Id.

Plaintiff's request for a third-party subpoena will be denied. First, Plaintiff does not provide the name of the entity he believes should be subpoenaed. Second, Plaintiff has failed to make a showing that the requested video is only available through a third party. (See ECF No. 104, pgs. 3-4). Finally, and most importantly, the requested video is not relevant to this case. In his request, Plaintiff alleges that Deputy Fisher violated his constitutional rights, and that the video is evidence of the violation. However, even if this is true, Deputy Fisher is not a defendant in this case, and Plaintiff has not moved to amend his complaint. Moreover, Plaintiff

---

[2] Plaintiff is advised that he should not ask for any form of relief in documents such as initial disclosures. Instead, he should file a separate motion detailing the relief he is seeking.

himself admits that "this has little to do with the complaint at hand." (ECF No. 105, p. 5). Accordingly, the video is not relevant to this case.

As to Plaintiff's request to subpoena witnesses, that request will be denied without prejudice. To the extent possible, Plaintiff should not file piecemeal requests for witness subpoenas. Instead, he should wait until he has compiled his entire list of witnesses that need to be subpoenaed, and then file his request. Moreover, Plaintiff should file his request closer to the deadline of June 3, 2019, so as to preserve both his and the Court's resources. For example, the case may settle, in which case there will be no need for Plaintiff to request that the Court issue the subpoenas, or the trial may be continued, in which case the Court would need to re-issue any subpoenas it already issued.

Finally, the Court will deny Plaintiff's request that his request to subpoena witnesses be sealed. Plaintiff's request to subpoena witnesses has already been docketed, and thus has already been served on Defendants. Moreover, while Plaintiff appears to be requesting to withhold his witnesses from Defendants because he is afraid of witness tampering, he has provided no evidence even suggesting that Defendants will tamper with his witnesses.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's motion for the issuance of a third-party subpoenas is DENIED;
2. Plaintiff's request to subpoena witnesses is DENIED without prejudice; and
3. Plaintiff's request to seal his request to subpoena witnesses is DENIED.

IT IS SO ORDERED.

Dated: **July 27, 2018**

/s/ Erin P. Gross
UNITED STATES MAGISTRATE JUDGE

3