UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN CAPUTO,<br><br>    Plaintiff,<br><br>    v.<br><br>GONZALES, et al.,<br><br>    Defendants. | Case No. 1:15-cv-01008-LJO-EPG (PC)<br><br>ORDER ON PLAINTIFF'S REPLY<br><br>(ECF NO. 118) |

Brian Caputo ("Plaintiff") is a prisoner[1] proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983.

On September 7, 2018, Plaintiff filed a "Reply to Defendants reply of August 22, 2018 And Further Pleadings." (ECF No. 118). In his reply, Plaintiff asks that certain evidence be excluded and that Defendants be sanctioned for lying to the Court. Plaintiff alleges that Defendants did not properly respond to discovery requests. He also alleges that Defendants lied to the Court.[2]

If Plaintiff believes that Defendants failed to properly respond to discovery requests,

---

[1] Plaintiff was detained at Kern County Jail at the time of the incidents alleged in the complaint. He is now incarcerated at FCI Marianna.

[2] The Court notes that Plaintiff previously filed a request for sanctions based on the allegation that Defendants lied when they stated that they served Plaintiff with their initial disclosures (ECF No. 112), and that Plaintiff's request was denied (ECF No. 114).

1

1 | Plaintiff should file a motion to compel in compliance with the Court's order dated June 28,
2 | 2018 (ECF No. 104, p. 4). If Plaintiff believes that sanctions are appropriate, he may request
3 | sanctions in the motion to compel.

As to Plaintiff's requests for sanctions based on Defendants' lying to the Court, while Plaintiff does attempt to provide evidence that Defendants lied to the Court, Plaintiff's evidence does not show that Defendants lied to the Court. Moreover, Defendants have represented to the Court (and provided evidence) that they did timely serve Plaintiff with their initial disclosures. (ECF No. 115). Defendants also noted that they would re-serve Plaintiff with the documents listed in their initial disclosures if Plaintiff did not receive them. (Id. at 2). Accordingly, Plaintiff has failed to demonstrate that sanctions are appropriate.

As to Plaintiff's allegation that Defendants sent him most of an internal investigations report, but left out the audio files, a motion for sanctions is not the appropriate first step. Instead, he should send a request to Defendants for those audio files. If Plaintiff is not satisfied with their response (or if they do not file a response), Plaintiff may file a motion to compel. If Plaintiff believes that sanctions are appropriate, he may request sanctions in the motion to compel.

As to Plaintiff's request that evidence be excluded, to the extent that Plaintiff is asking that evidence be excluded as a sanction, this request will be denied because the Court is denying Plaintiff's request for sanctions. To the extent that Plaintiff is arguing that the evidence should be excluded because it is not relevant, Plaintiff's request will be denied as premature. If this case proceeds to trial, prior to the trial Plaintiff will be given an opportunity to file motions *in limine*, in which he can argue that evidence should be excluded at trial.

The Court notes that it recently directed Defendants to serve Plaintiff with paper copies of the documents listed in their initial disclosures (or to confirm that Plaintiff can view DVDs) (ECF No. 116), and that Defendants have confirmed that they have served Plaintiff with paper copies of the documents listed in their initial disclosures (ECF No. 117). If for some reason Plaintiff does not receive these documents, or if he only receives incomplete documents, he may file the appropriate motion with the Court.

Accordingly, based on the foregoing, IT IS ORDERED that Plaintiff's request for sanctions and request to exclude evidence are DENIED.

IT IS SO ORDERED.

Dated: **September 10, 2018**

/s/ Eric P. Grosjean
UNITED STATES MAGISTRATE JUDGE