# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN CAPUTO,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>GONZALES, et al.,<br><br>　　　　Defendants. | Case No. 1:15-cv-01008-LJO-EPG (PC)<br><br>ORDER RE: PLAINTIFF'S MOTION TO COMPEL AND FOR SANCTIONS<br><br>(ECF NOS. 120 & 121) |

Brian Caputo ("Plaintiff") is a prisoner[1] proceeding *pro se* and *in forma pauperis* in this this civil rights action filed pursuant to 42 U.S.C. § 1983.

On October 1, 2018, Plaintiff filed a motion to compel discovery (ECF No. 120) and a motion for sanctions (ECF No. 121). On October 23, 2018, Defendants filed a response. (ECF No. 124). While the Court scheduled a hearing on Plaintiff's motions (ECF No. 104, p. 4), Plaintiff did not appear at the hearing and the hearing was not held (ECF No. 127).

Under Local Rule 230(l), a hearing is not required on these motions. Given the difficulties in having Plaintiff appear, and the delay that would be required to hold another hearing, the Court has determined it may rule on the papers without a hearing on these motions.

While Plaintiff filed what he called a motion to compel (ECF No. 120), the motion appears to be a request for discovery. There is no indication that Plaintiff served the discovery

---

[1] Plaintiff was detained at Kern County Jail at the time of the incidents alleged in the complaint. He is now incarcerated at USP Yazoo City.

1

requests on Defendants prior to filing his motion to compel.

Plaintiff also alleges that Defendants' initial disclosures were incomplete, and that some of the documents were illegible. (ECF No. 121). Plaintiff asks that Defendants be sanctioned for providing incomplete initial disclosures and illegible documents. (Id.).

In Defendants' response, Defendants allege that their initial disclosures were complete, that Plaintiff failed to properly serve Defendants with his discovery requests, and that Plaintiff never attempted to meet and confer regarding his discovery requests. (ECF No. 124).

As to Plaintiff's motion to compel, Plaintiff was explicitly told that discovery requests were to be served on the opposing party and not filed with the Court. (See ECF No. 104, p. 2) ("Discovery requests shall be served by the parties pursuant to Federal Rule of Civil Procedure 5 and Local Rule 135. Discovery requests and responses shall not be filed with the Court unless required by Local Rules 250.2, 250.3, or 250.4 (providing that discovery requests shall not be filed unless or until there is a proceeding in which the document or proof of service is at issue). A party may serve on any other party no more than 15 interrogatories, 15 requests for production of documents, and 10 requests for admission. On motion, these limits may be increased for good cause.").

Despite this, it appears that Plaintiff never served his discovery requests on Defendants, and instead filed this motion to compel. Accordingly, Plaintiff's motion to compel will be denied.

However, as Plaintiff is proceeding *pro se*, and has had difficulties in proceeding with this case (including being transferred on multiple occasions), the Court will treat Plaintiff's motion to compel as discovery requests. Construing the motion to compel as discovery requests, the discovery requests were timely filed and the filing provided notice to Defendants. Defendants will be given forty-five days from the date of service of this order to respond to the discovery requests.

However, the Court notes that many of Plaintiff's requests are not relevant, include documents that have already been produced,[2] and/or are otherwise objectionable. Thus, while the Court is requiring Defendants to respond to Plaintiff's requests in good faith, Defendants may object to the discovery requests and need only provide documents to the extent required under the Federal Rules of Civil Procedure.

Finally, as to Plaintiff's request for more legible copies of certain documents, the Court has ordered a response from Defendants (ECF No. 127) and will rule on that issue (including Plaintiff's request for sanctions) in a separate order after reviewing Defendants' response on this issue.

Accordingly, based on the foregoing, IT IS ORDERED THAT:

1. Plaintiff's motion to compel is DENIED; and
2. Defendants have forty-five days from the date of service of this order to respond to the discovery requests in Plaintiff's motion to compel (ECF No. 120) through objections and responses. Defendants need not file their response with the Court.

IT IS SO ORDERED.

Dated: **November 13, 2018**

/s/ *Ercin P. Gros*
UNITED STATES MAGISTRATE JUDGE

---

[2] The Court ordered that the parties provide initial disclosures (ECF No. 82) and ordered the exchange of certain relevant documents (ECF No. 103).