# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN CAPUTO,<br><br>        Plaintiff,<br><br>   v.<br><br>GONZALES, et al.,<br><br>        Defendants. | Case No. 1:15-cv-01008-LJO-EPG (PC)<br><br>ORDER DISCHARGING ORDER FOR WARDEN OF USP YAZOO CITY TO SHOW CAUSE WHY HE OR SHE SHOULD NOT BE SANCTIONED FOR FAILURE TO COMPLY WITH COURT ORDERS<br><br>(ECF NO. 128) |

Brian Caputo ("Plaintiff") is a prisoner[1] proceeding *pro se* and *in forma pauperis* in this this civil rights action filed pursuant to 42 U.S.C. § 1983. He is currently confined at the United States Penitentiary in Yazoo City, Mississippi.

On November 9, 2018, the Court ordered the Warden of USP Yazoo City to "show cause why sanctions should not issue for the Warden's failure to comply with the Court's orders directing Plaintiff's institution of confinement to make Plaintiff available for the conference." (ECF No. 128, p. 3). On November 30, 2018, the Warden filed his response to the order to show cause. (ECF No. 136).

For the reasons described below, the Court will discharge the order to show cause. The Court notes that the status conference will be rescheduled, and will be held on December 19, 2018, at 1:30 p.m. Pacific Standard Time.

///

---

[1] Plaintiff was detained at Kern County Jail at the time of the incidents alleged in the complaint. He is now incarcerated at USP Yazoo City.

## I. ORDER TO SHOW CAUSE

On June 29, 2018, the Court issued a scheduling order in this case. (ECF No. 104). As part of the scheduling order, the Court set a telephonic discovery and status conference for November 7, 2018, at 10:00 a.m. (Id.). The order stated:

> A discovery and status conference is set for **November 7, 2018, at 10:00 p.m**. Parties have leave to appear by phone. To join the conference, each party is directed to call the toll-free number **(888) 251−2909** and use **Access Code 1024453.**
>
>  . . .
>
> Plaintiff shall make arrangements with staff at his or her institution of confinement for his or her attendance at the discovery and status conference. Plaintiff's institution of confinement shall make Plaintiff available for the conference at the date and time indicated above. To the extent possible, prior to the conference defense counsel shall confirm with Plaintiff's institution of confinement that arrangements have been made for Plaintiff's attendance.

(Id. at 4) (emphasis in original).

On October 3, 2018, the Court sent an order to Case Manager Carey at Federal Correctional Institution, Marianna, Florida, where Plaintiff was previously confined. (ECF No. 122). The order listed the date and time of the conference, and stated that "Plaintiff's institution of confinement shall make Plaintiff available for the conference at the date and time indicated above." (Id.).

As Plaintiff was transferred to USP Yazoo City (ECF No. 125), on October 30, 2018, the Court sent an order to Unit Counselor Flowers at USP Yazoo City (ECF No. 126). The order listed the date and time of the conference, and stated that "Plaintiff's institution of confinement shall make Plaintiff available for the conference at the date and time indicated above." (Id.). In addition, court staff attempted to call the publicly listed telephone number for USP Yazoo City several times, but there was no answer.

Plaintiff also filed a notice with the Court informing the Court of his change of address and stating that Plaintiff notified his institution of confinement, USP Yazoo City, of this Court

appearance. (ECF No. 125) ("Plaintiff has also received notice of the teleconference on November 7, 2018 at 1:00 p.m. E.S.T. and is trying to have it set up with Unit Consular [sic] 'Flowers.'").

Nevertheless, when the Court attempted to hold the conference on the date and time scheduled, Plaintiff did not appear. The undersigned Judge, court staff, and defense counsel Andrew Thomson and Robert Rice waited for approximately ten minutes before it was determined that that the hearing could not be held.

Accordingly, the Court ordered the Warden of USP Yazoo City to show cause why the Warden should not be sanctioned for failing to comply with court orders directing Plaintiff's institution of confinement to make Plaintiff available for the conference. (ECF No. 128).

## II.    THE WARDEN'S RESPONSE

The Warden filed a response to the order to show cause on November 30, 2018. (ECF No. 136). In that response, the Warden challenges the Court's ability to sanction the warden for a failure to make an inmate available for a court appearance because he contends the Court lacks personal jurisdiction over the warden and failed to directly order the warden to make the witness available. He also claims that the failure to produce Plaintiff was due to an unusual emergency circumstance caused by Hurricane Michael. Finally, despite the fact that the Court's order was mailed to the Unit Counselor at the correct address, the Warden contends that the prison never received the Court's order. The Warden concedes that Plaintiff also informed the institution about the conference, but at a time when "Counselor Flowers was in the midst of other duties." (ECF No. 136, at p. 2).

## III.    ANALYSIS

Upon review of the Warden's submission, the Court will vacate the order to show cause. The Court relies on the Warden's sworn declaration attesting that Hurricane Michael created extraordinary circumstances preventing orderly operations at that time. In that declaration, the Warden also confirms that "BOP generally, and my facility in particular, go to great lengths to insure that inmates can appear for their court appearances, even where BOP or its employees are not involved in the underlying case." (ECF No. 136-1, at p. 2). The Warden

3

concludes that the failure to make Plaintiff available resulted from a miscommunication combined with the circumstances surrounding the hurricane. This submission demonstrates that the Warden and institution did not intentionally violate the Court's order or interfere with Plaintiff's access to the Court, and thus the Court will discharge the order to show cause.

As the Court is discharging the order to show cause, the Court need not address the Warden's arguments related to personal jurisdiction and legal arguments seemingly challenging the institution's obligation to make an inmate available for a Court conference such as this. Nevertheless, it is worth noting that under the First and Fourteenth Amendments to the Constitution, inmates have a "'fundamental constitutional right of access to the courts.'" Lewis v. Casey, 518 U.S. 343, 346 (1996) (quoting Bounds v. Smith, 430 U.S. 817 (1977)); Phillips v. Hust, 477 F.3d 1070, 1075 (9th Cir. 2007), overruled on other grounds by Hust v. Phillips, 555 U.S. 1150 (2009). Moreover, the Court has authority to issue a writ of habeas corpus ad testificandum to have Plaintiff brought to the Eastern District of California to appear in person, and failure to comply with such a writ would subject the Warden to sanctions. Given the costs associated with transportation, the Court prefers not to issue such writs with the understanding that institutions will make inmates available for telephonic appearances.

Finally, the Court is troubled by the Warden's statement that the institution did not receive the Court's order. As the Warden recognizes, the Court's docket reflects that the order was served on Counselor Flowers at USP Yazoo City, U.S. Penitentiary, P.O. Box 5666, Yazoo City, MS 39194 (ECF No. 126), and the Warden does not allege that the Court served the order to the wrong address. If the address is incorrect, or if there is a better address, the Warden shall promptly file a notice containing that address. Otherwise, all Court orders sent to that address must be deemed to provide notice of such orders.

**IV.     CONCLUSION AND ORDER**

For the foregoing reasons, IT IS HEREBY ORDERED THAT the order to show cause entered on November 9, 2018 (ECF No. 128), is DISCHARGED.

\\\

\\\

1         The Court notes that the status conference will be rescheduled, and will be held on

2    December 19, 2018, at 1:30 p.m. Pacific Standard Time.

3

4    IT IS SO ORDERED.

5        Dated:   **December 6, 2018**       /s/ Eric P. Grosjean

6                                         UNITED STATES MAGISTRATE JUDGE