UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN CAPUTO,<br><br>        Plaintiff,<br><br>    v.<br><br>GONZALES, et al.,<br><br>        Defendants. | Case No. 1:15-cv-01008-LJO-EPG (PC)<br><br>ORDER SETTING SETTLEMENT CONFERENCE |

Brian Caputo ("Plaintiff") is a prisoner[1] proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. The Court has determined that this case will benefit from a settlement conference. Therefore, this case will be referred to Magistrate Judge Jennifer L. Thurston to conduct a settlement conference at the U. S. District Court, 510 19th Street, Bakersfield, California, 93301, on June 5, 2019 at 10:00 a.m. Plaintiff shall appear by telephone from his institution of confinement. Counsel for defendants will have the option to appear by telephone.

The Court will issue the necessary writ in due course.

In accordance with the above, IT IS HEREBY ORDERED that:

---

[1] Plaintiff was detained at Kern County Jail at the time of the incidents alleged in the complaint. He is now incarcerated at USP Yazoo City.

1

1. This case is set for a settlement conference before Magistrate Judge Jennifer L. Thurston on June 5, 2019, at 10:00 a.m., at the U. S. District Court, 510 19th Street, Bakersfield, California, 93301. Plaintiff shall appear at the settlement conference by telephone from his institution of confinement. Counsel for defendants may appear by telephone, if arranged for in advance.

2. A representative with full and unlimited authority to negotiate and enter into a binding settlement shall attend, either by telephone or in person.[2]

3. Those in attendance must be prepared to discuss the claims, defenses, and damages at issue in this case. The failure of any counsel, party, or authorized person subject to this order to appear in person may result in the imposition of sanctions. In addition, the conference will not proceed and will be reset to another date.

4. At least 21 days before the settlement conference, Plaintiff SHALL submit to Defendants, by mail, a written itemization of damages and a meaningful settlement demand, which includes a brief explanation of why such a settlement is appropriate, not to exceed ten pages in length. Thereafter, no later than 14 days before the settlement conference, Defendants SHALL respond with an acceptance of the offer or with a meaningful counteroffer, which includes a brief explanation of why such a settlement is appropriate. If settlement is achieved, defense counsel is to immediately inform the courtroom deputy of Magistrate Judge Thurston.

5. If settlement is not achieved informally, Defendants shall provide a confidential

---

[2] While the exercise of its authority is subject to abuse of discretion review, "the district court has the authority to order parties, including the federal government, to participate in mandatory settlement conferences…." United States v. United States District Court for the Northern Mariana Islands, 694 F.3d 1051, 1053, 1057, 1059 (9th Cir. 2012) ("the district court has broad authority to compel participation in mandatory settlement conference[s]."). The term "full authority to settle" means that the individuals attending the mediation conference must be authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties. G. Heileman Brewing Co., Inc. v. Joseph Oat Corp., 871 F.2d 648, 653 (7th Cir. 1989), cited with approval in Official Airline Guides, Inc. v. Goss, 6 F.3d 1385, 1396 (9th Cir. 1993). The individual with full authority to settle must also have "unfettered discretion and authority" to change the settlement position of the party, if appropriate. Pitman v. Brinker Int'l., Inc., 216 F.R.D. 481, 485-86 (D. Ariz. 2003), amended on recon. in part, Pitman v. Brinker Int'l., Inc., 2003 WL 23353478 (D. Ariz. 2003). The purpose behind requiring the attendance of a person with full settlement authority is that the parties' view of the case may be altered during the face to face conference. Pitman, 216 F.R.D. at 486. An authorization to settle for a limited dollar amount or sum certain can be found not to comply with the requirement of full authority to settle. Nick v. Morgan's Foods, Inc., 270 F.3d 590, 596-97 (8th Cir. 2001).

settlement statement no later than May 29, 2019, to jltorders@caed.uscourts.gov. Plaintiff shall mail his confidential settlement statement Attn: Magistrate Judge Jennifer L. Thurston, U.S. District Court, 510 19th Street, Suite 200, Bakersfield, California 93301, so it arrives no later than May 29, 2019. The envelope shall be marked "CONFIDENTIAL SETTLEMENT CONFERENCE STATEMENT." Parties are also directed to file a "Notice of Submission of Confidential Settlement Conference Statement." (See L.R. 270(d)). Settlement statements **should not be filed** with the Clerk of Court **nor served on any other party**. Settlement statements shall be clearly marked "confidential" with the date and time of the settlement conference indicated prominently thereon.

6. The confidential settlement statement shall be **no longer than five pages** in length, typed or neatly printed, and include the following:
    a. A brief statement of the facts of the case.
    b. A brief statement of the claims and defenses, i.e., statutory or other grounds upon which the claims are founded; a forthright evaluation of the parties' likelihood of prevailing on the claims and defenses; and a description of the major issues in dispute.
    c. A summary of the proceedings to date.
    d. An estimate of the cost and time to be expended for further discovery, pretrial, and trial.
    e. The relief sought.
    f. The party's position on settlement, including present demands and offers and a history of past settlement discussions, offers, and demands.
    g. A brief statement of the party's expectations and goals for the settlement conference, including how much the party is willing to accept and/or willing to pay.
    h. If the parties intend to discuss the joint settlement of any other actions or claims

not in this suit, a brief description of each action or claim as set forth above, including case number(s) if applicable.

IT IS SO ORDERED.

Dated: **April 15, 2019**          /s/ Eric P. Grojean
UNITED STATES MAGISTRATE JUDGE