# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **BRIAN CAPUTO,** | **Case No. 1:15-cv-01008-LJO-EPG (PC)** |
| **Plaintiff,** | **ORDER STRIKING PORTIONS OF DEFENDANT BLACK'S MOTION FOR SUMMARY JUDGMENT AND WARNING TO PLAINTIFF RE OPPOSING REMAINING ASPECTS OF MOTION FOR SUMMARY JUDGMENT** |
| **v.** | |
| **GONZALES, et al.,** | |
| **Defendants.** | |
| | **(ECF NO. 180)** |

Brian Caputo ("Plaintiff") is a prisoner[1] proceeding *pro se* and *in forma pauperis* in this this civil rights action filed pursuant to 42 U.S.C. § 1983.

The Court issued a scheduling order in this case on June 29, 2018. (ECF No. 104). That order set the deadline for filing a motion for summary judgment on the issue of exhaustion for September 7, 2018, the deadline to file dispositive motions for March 15, 2019, and the trial for October 1, 2019. (Id.).

The deadline for filing dispositive motions passed without either party filing such a motion.

On May 23, 2019, defendant Black filed a motion for leave to file a motion for

---

[1] Plaintiff was detained at Kern County Jail at the time of the incidents alleged in the complaint. He is now incarcerated at USP Yazoo City.

summary judgment. (ECF No. 173). Defendant Black argued that there was good cause to file a dispositive motion after the deadline because information had arisen in Plaintiff's deposition, which took place on April 11, 2019, that provided "a reasonable basis for being granted summary judgement or provided qualified immunity as set forth in the following deposition soliloquy from Caputo's deposition." (ECF No. 173, at p. 2). Defendant Black then quoted from the deposition of Plaintiff regarding his knowledge, or lack thereof, regarding defendant Black's role in the underlying events. For example, in answer to the question "Do you have any knowledge whether she was involved at all as a supervisor or classification or in any capacity with the incident of May of 2016," Plaintiff replied in part "Other than her job title of being the sergeant in charge of all federal inmates and their placement, I do not." (Id.). Based on this testimony, Defendant Black argued that "Black believes that these delays and the continued deposition dates, when combined with Caputo's deposition testimony, present good cause for this Court to grant leave to file a Motion for Summary Judgment on behalf of Black." (Id. at 3).

Based on Defendant's representations, this Court found good cause to modify the schedule to a limited extent. (ECF No. 177). It thus gave defendant Black two weeks to file a motion for summary judgment. (Id.).

On June 13, 2019, defendant Black filed a motion for summary judgment. (ECF No. 180). The motion raised four grounds: Plaintiff failed to exhaust his administrative remedies; Plaintiff's complaint fails to state a claim; defendant Black did not violate Plaintiff's Fourteenth Amendment right of due process; and defendant Black is entitled to qualified immunity. Including exhibits, defendant Black's motion is approximately 150 pages.

The Court's order allowing defendant Black to file a late motion for summary judgment was premised on defendant Black's representation that she had good cause to file the motion based on Plaintiff's deposition testimony, which could not be taken before the dispositive motion cut-off. However, the motion is not limited to issues discovered in Plaintiff's deposition testimony. Instead, the motion raises an issue of exhaustion of administrative remedies, which is based on evidence unrelated to Plaintiff's deposition testimony. Moreover,

the scheduling order required motions challenging exhaustion to be filed no later than September 7, 2018. Defendant Black never requested or received leave to extend that deadline. The motion for summary judgment also raises the issue of the sufficiency of Plaintiff's complaint, which is an issue that could have been raised long before the dispositive motion cutoff, and without Plaintiff's deposition testimony.

The Court's order granting defendant Black's request to late-file a motion for summary judgment did not provide permission to move on grounds that could have been timely filed. This case is still set to go to trial on October 1, 2019. When the Court granted leave to file the late dispositive motion, it was doing so despite that ruling on the motion expeditiously before trial will likely impose burdens on the Court, not to mention the burden on Plaintiff, who is incarcerated and acting *pro se*, to fully respond to these arguments in the limited three weeks provided by the Court's order. Accordingly, and for the foregoing reasons, the portions of defendant Black's motion for summary judgment that pertain to the issues of exhaustion and failure to state a claim (ECF No. 180 at p. 8, ln. 3 – p. 10, ln. 9) are hereby STRICKEN as beyond the scope of what the Court allowed in the May 30, 2019 order (ECF No. 177).

Moreover, it appears that defendant Black failed to provide Plaintiff with the notice required by Rand v. Rowland, 154 F.3d 952 (9th Cir. 1998) (en banc), informing Plaintiff of his rights and responsibilities in opposing Defendants' motion for summary judgment. Therefore, the Court shall, by this order, provide Plaintiff with the requisite Notice and Warning. Defendants are advised that in the future they should routinely provide a Notice and Warning to a *pro se* plaintiff in a prisoner case when bringing a motion to dismiss based on failure to exhaust administrative remedies before filing suit or motion for summary judgment. Woods v. Carey, 684 F.3d 934 (9th Cir. 2012) (counsel for defendants in prisoner civil rights cases where the plaintiff is not assisted by counsel should include in a motion to dismiss for failure to exhaust or a motion for summary judgment a short and plain statement of the requirements needed to defeat the motion).

//

//

**NOTICE AND WARNING OF REQUIREMENTS FOR OPPOSING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Pursuant to <u>Rand v. Rowland</u>, 154 F.3d 952, the Court hereby notifies Plaintiff of the following rights and requirements for opposing defendants' motion for summary judgment.

## <u>NOTICE AND WARNING:</u>

**The defendants have made a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end the claim(s) that are the subject of the motion.**

**Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact— that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule [56(c)],[2] that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.**

---

[2] The substance of Rule 56(e) from the 1998 version, when <u>Rand</u> was decided, has been reorganized and renumbered with the current version of Rule 56(c).

4

## EASTERN DISTRICT OF CALIFORNIA LOCAL RULE REQUIREMENTS

**In accordance with Local Rule 260(a), the defendants have filed a Statement of Undisputed Facts that contains discrete, specific material facts to support their entitlement to summary judgment. In response to this Statement, Local Rule 260(b) requires you to "reproduce the itemized facts in the Statement of Undisputed Facts and admit those facts that are undisputed and deny those that are disputed, including with each denial a citation to the particular portions of any pleading, affidavit, deposition, interrogatory answer, admission, or other document relied upon in support of that denial." You may also "file a concise Statement of Disputed Facts, and the source thereof in the record, of all additional material facts as to which there is a genuine issue precluding summary judgment or adjudication." Id. You are responsible for filing all evidentiary documents cited in the opposing papers. Id. If additional discovery is needed to oppose summary judgment, Local Rule 260(b) requires you to "provide a specification of the particular facts on which discovery is to be had or the issues on which discovery is necessary." See also Fed. R. Civ. P. 56(d).**

To ensure Plaintiff has sufficient time to receive this Order and the above Notice and Warning, Plaintiff shall have three weeks from the service of this Order and Notice and Warning to file an opposition to those arguments in the motion for summary judgment that have not been stricken. Thereafter, Defendant Black shall have seven days to file a reply.

IT IS SO ORDERED.

Dated: __**June 18, 2019**__              _____**/s/ Lawrence J. O'Neill**_____
                                         UNITED STATES CHIEF DISTRICT JUDGE